UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| EDNA BRIGHT, | ) | |
| | ) | |
| v. | ) | Case No. 4-16-cv-51 |
| | ) | *Mattice/Steger* |
| MARY WILSON *et al.* | ) | |

REPORT AND RECOMMENDATION

I. Introduction

Plaintiff brings this action under 42 U.S.C. § 1983 against the United States Department of Housing and Urban Development; Community Development Partners; the City of Fayetteville, Tennessee; various officials of these same entities; and Charles Eversole, a construction contractor, in relation to a house built on her property in 2009 under a federally funded "Home Rehab program."[1] Plaintiff has filed an application for *in forma pauperis* status [Doc. 4]. For the reasons stated herein, it is RECOMMENDED this action be DISMISSED.

II. Standard of Review

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Johns v. Maxey*, 2008 WL 4442467 *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

---

[1] Edna Bright has brought several actions *pro se* in this Court: Case Nos. 4:94-cv-17, 4:94-cv-80, 4:11-cv-56, 4:13-cv-5, and 4:15-cv-61. All have been dismissed. This case and Case Nos. 4:16-cv-53 and 4:16-cv-55 are pending.

1

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

III. Analysis

Plaintiff alleges that she applied for a "Home Program" to improve her house in 2007 and was convinced by the City of Fayetteville and Community Development Partners that because her home need such extensive repairs, it would be more cost efficient to replace her home with a new house using funds from the U.S. Department of Housing and Urban Development [Complaint, Doc. 1 at 3]. According to Plaintiff, in 2009, Defendants improperly replaced her home with a manufactured home that has numerous major defects, is unsafe, fails to meet various unspecified state and federal building regulations, and has far less value than her original

home [*Id.* at 3-7]. Among other remedies, Plaintiff seeks $10 million dollars in damages and the replacement of her home. The most recent date mentioned in Plaintiff's complaint is August 12, 2010, the date upon which, Plaintiff alleges, she received a letter "from all parties" stating her house meets all "quality standards," an assertion she vigorously contests[2] [*Id.* at 5]. Plaintiff alleges no fewer than fifteen counts of "violations of 1983." It appears from a close review of her complaint, that Plaintiff brings all her claims under the umbrella of 42 U.S.C. § 1983.

Even assuming that Plaintiff has stated a claim which is cognizable under 42 U.S.C. § 1983, the statute of limitations for such a claim has long since expired. Section 1983 has no statute of limitations of its own; rather, the applicable limitations period is that which applies to the most closely analogous state law action in the state forum where the court sits. *Wilson v. Garcia,* 471 U.S. 261, 267 (1985); *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). It is well settled that the applicable statute of limitations under Tennessee law for federal civil rights violations is Tenn. Code Ann. § 28-3-104(a)(3) which provides for a one year limitations period. *Johnson*, 777 F.3d at 843; *Doe v. Sullivan Cnty.*, 956 F.2d 545, 552 (6th Cir. 1992); *Hendrix v. Dekalb Cnty. Bd. of Educ.*, 186 F. Supp. 3d 779, 784 (M.D. Tenn. 2016); Tenn. Code Ann. § 28-3-104(a)(3).

Plaintiff alleges no conduct on the part of Defendant occurring after 2010 and, in any event, the conduct giving rise to this action, replacement of her home with another house,

---

[2] Previously, in *Bright v. U. S. Hous. and Urban Dev.*, Case No. 4-11-cv-56 (E.D. Tenn. 2011), Plaintiff brought an action against many of the same defendants arising from the same event, the replacement of her home with an allegedly inferior and defective manufactured home. This action was dismissed pursuant to Fed. R. Civ. P. 12(b)(6) without prejudice for failure to state a claim after the defendants were served with process, filed motions to dismiss, and Plaintiff was given the opportunity to respond to the motions and correct the deficiencies of her complaint. *Bright v. U. S. Hous. Urban Dev.*, Case No. 4-11-cv-56 (E.D. Tenn. July 25, 2013). This Sixth Circuit subsequently affirmed the District Court's decision. *Bright v. U. S. Dept. of Hous. and Urban Dev.*, Case No. 13-6426 (6th Cir. Aug. 28, 2014). If the undersigned were to address the substance of Plaintiff's claims in the instant case, I would recommend dismissal on the same grounds, *inter alia*, that Plaintiff's earlier case, Case No. 4-11-cv-56, was dismissed by the District Court.

occurred in 2009. Assuming *arguendo*, that Plaintiff has met the standards set forth in Fed. R. Civ. P. 8 and has stated a claim in this complaint for which relief can be granted, those claims are barred by the applicable one year statute of limitations.

IV. Conclusion

For the reasons stated herein, it is RECOMMENDED Plaintiff's action be DISMISSED without prejudice. If Plaintiff's action is dismissed, her application to proceed *in forma pauperis* is moot.[3]

s\ *Christopher H. Steger*<br>
CHRISTOPHER H. STEGER<br>
UNITED STATES MAGISTRATE

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).